UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARINA A., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C20-157 RSM <br><br> **ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING THE CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

Plaintiff appeals denial of her application for Supplemental Security Income.  Plaintiff contends the ALJ erred by discounting three medical opinions and finding migraines non-severe. Dkt. 10.  As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

Plaintiff is 38 years old, is not able to communicate in English, and has no past relevant work.  Dkt. 8, Admin. Transcript (Tr.) 27.  Plaintiff alleges disability as of her March 2016 application date.  Tr. 16.  After conducting hearings in June and October 2018, the ALJ issued a decision finding Plaintiff not disabled.  Tr. 33-73, 16-28.  In relevant part, the ALJ found, based

on severe impairments of affective and personality disorder, Plaintiff was limited to simple, unskilled work with no teamwork or close coordination with coworkers and only casual public contact.  Tr. 18, 21.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.   Migraine Headaches**

Plaintiff contends the ALJ erred by failing to include migraine headaches as a severe impairment at step two.  Dkt. 10 at 2.  An ALJ's failure to properly consider an impairment at step two may be harmless where the ALJ considered the functional limitations caused by that impairment later in the decision.  *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).  Any error to find migraines a severe impairment is harmless.  Because the ALJ found in Plaintiff's favor at step two, she "could not possibly have been prejudiced" at that step.  *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).  And at later steps in the decision, the ALJ considered the available evidence on headaches, in Plaintiff's testimony and her treating doctor's opinion.  The ALJ discounted Plaintiff's headache complaints because "she has had a good response to treatment." Tr. 19.  Plaintiff does not challenge the ALJ's discounting of her testimony.  The treating physician's opinion is addressed below.  The Court concludes the ALJ did not harmfully err by failing to include migraines as a severe impairment.

**B.   Treating Physician Judith Pauwels, M.D.**

In June 2018 Dr. Pauwels filled out a Request for Medical Opinion, stating Plaintiff had been diagnosed with migraine headaches since at least March 2016 and opining migraines

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 2

occurred on average 8 to 10 times per month and lasted on average two to four hours. Tr. 619. Asked if she would "expect [Plaintiff] to remain laying in a darkened room while the migraine continued," Dr. Pauwels circled "Yes." *Id*. The ALJ gave Dr. Pauwels' opinion little weight because Plaintiff's headaches were not a severe impairment and because the opinion was inconsistent with Dr. Pauwels' own treatment records. Tr. 24-25. Whether or not migraines were a severe impairment, this was not a legally sufficient reason to discount Dr. Pauwels' opinion of the effect of migraines. "In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996).

Inconsistency with treatment records, however, was a specific and legitimate reason to discount Dr. Pauwels' opinion. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (incongruity between a treating physician's opinions and her own medical records is a "specific and legitimate reason for rejecting" the opinions). Plaintiff first told Dr. Pauwels of daily headaches in May 2017 but reported "[s]ome improvement with [T]ylenol." Tr. 529. By July 2017 Plaintiff reported a "[g]ood response" to medication, with "[h]eadaches gone for past 1 ½ weeks after slowly subsiding. She feels much more functional overall." Tr. 526. In an October 2017 appointment addressing diabetes and abdominal issues, Plaintiff reported "[n]o other concerns." Tr. 521. In a March 2018 eye examination, Plaintiff specifically "report[ed] no … headaches."[1] Tr. 545. This was substantial evidence supporting the ALJ's finding that Plaintiff had not experienced 8 to 10 two- to four-hour long headaches per month since March 2016. Plaintiff argues no headaches for a week and a half is not inconsistent with 8 to 10 per month.

---

[1] Plaintiff notes the same treatment record shows "Migraine" in "Past Medical History," but past history does not undermine the ALJ's finding that headaches were not an ongoing issue. Tr. 545.

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 3

Dkt. 10 at 3.  But the treatment notes show Plaintiff reported headaches subsided even before the week and a half with no headaches, and in later appointments reported no headaches.  In context, the ALJ reasonably interpreted the evidence as contradicting Dr. Pauwels' opinion.

The ALJ also noted Dr. Pauwels' opinion conflicted with her assessment in treatment notes.  In June 2018 Plaintiff again reported having a migraine "about every 2-3 days [lasting] about 2-4 hours" that "improves with [T]ylenol."  Tr. 634.  Dr. Pauwels "suspect[ed] fair control despite" Plaintiff's reports.  Tr. 634.  Plaintiff argues "fair control" is consistent with 8 to 10 two- to four-hour long migraines per month.  Dkt. 10 at 5.  But Dr. Pauwels' opinion recapitulates Plaintiff's report of headache frequency and length, inconsistent with her suspicion that the headaches were better controlled than Plaintiff reported.  The ALJ reasonably found this inconsistency undermined the opinion.

Plaintiff argues only two migraines per month would be disabling.  Dkt. 10 at 3-4.  But there is no support for Plaintiff's implication that the ALJ was required to discount Dr. Pauwels' opinion by some undefined percentage.  The ALJ reasonably rejected the opinion.

The Court concludes the ALJ did not err by giving Dr. Pauwels' opinion little weight.

**C.     Examining Psychologists Jan M. Kouzes, Ed.D., and Anja Luthi, Psy.D.**

In April 2017 Dr. Luthi opined Plaintiff was markedly impaired in maintaining punctual attendance and performing and communicating effectively.  Tr. 509.  The ALJ discounted Dr. Luthi's opinions as "temporary," *i.e.*, "intended to apply only for 6 to 9 months."  Tr. 26.  Plaintiff argues this was factually incorrect.  Dkt. 12 at 4.  But when asked what "length of time the individual will be impaired with available treatment," Dr. Luthi replied "6-9 months."  Tr. 510.  Social Security disability can only be based on inability to work due to impairments that have "lasted or can be expected to last for a continuous period of not less than 12 months" or

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 4

result in death. 20 C.F.R. § 416.905(a). The limitations opined by Dr. Luthi did not meet the durational requirement. This was a specific and legitimate reason to reject those limitations. The ALJ did not err by discounting Dr. Luthi's opinions.

In December 2015 Dr. Kouzes opined Plaintiff was markedly impaired in maintaining punctual attendance, performing and communicating effectively, maintaining appropriate behavior, completing a normal workday and workweek, and planning and goal-setting. Tr. 278-79. The ALJ gave Dr. Kouzes' opinions little weight for several, somewhat overlapping, reasons.[2]

The ALJ found Dr. Kouzes' opinions were unsupported by her own clinical findings and instead relied on Plaintiff's self-reports. "If a treating provider's opinions are based 'to a large extent' on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount the treating provider's opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (quoting *Tommasetti*, 533 F.3d at 1041). However, psychiatric evaluations "will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient," because "'[u]nlike a broken arm, a mind cannot be x-rayed.'" *Buck*, 869 F.3d at 1049 (quoting *Poulin v. Bowen*, 817 F.2d 865, 873 (D.C. Cir. 1987)). "Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Buck*, 869 F.3d at 1049. Clinical interviews and mental status evaluations "are objective measures and cannot be discounted as a 'self-

---

[2] The Commissioner argues Dr. Kouzes opined limitations lasting 12 months beginning December 2015, which would only continue 9 months past the alleged onset date. Dkt. 11 at 6. This is a *post hoc* argument on which the Court cannot rely, and legally erroneous because at this step a claimant need only show impairments have "lasted or can be expected to last for a continuous period of not less than 12 months…." 20 C.F.R. § 416.905(a); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 1995).

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 5

report.'" *Id.* Here, the ALJ failed to show Dr. Kouzes' opinions relied more on Plaintiff's self-reports than on her own clinical observations. *See Ghanim*, 763 F.3d at 1162 ("when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion"). Dr. Kouzes performed a mental status examination and clinical interview. She observed abnormalities in eye contact, mood, affect, fund of knowledge, concentration, and insight and judgment, but normal appearance, speech, motor activity, attitude, thought process and content, orientation, perception, and memory. Tr. 279-80. The ALJ failed to explain how the observed abnormalities cannot account for Dr. Kouzes' opined limitations.[3] Conflict with her own clinical findings was not a specific and legitimate reason to discount Dr. Kouzes' opinions.

The ALJ found Plaintiff's self-reports unreliable because mental health treatment focused on situational stressors rather than "mood, anxiety, and personality issues." Tr. 26. Although Plaintiff's therapist discussed situational stressors with her, there is no indication the limitations in Dr. Kouzes' opinions were caused by the situational stressors. The ALJ did not explain how a therapist would address mood, anxiety, and personality disorder issues other than by discussing what is happening in a patient's life. The ALJ also found Plaintiff's self-reports undermined by evidence of poor motivation, but failed to explain how this undermined Dr. Kouzes' opinions rather than being evidence of debilitating mental impairments, as Dr. Kouzes indicated. *See* Tr. 278. Overreliance on Plaintiff's self-reports was not a specific and legitimate reason to discount

---

[3] The ALJ also mischaracterized the record, stating the only abnormalities were "depressed mood/affect and intermittent eye contact." Tr. 26. An ALJ may not reject evidence based on an inaccurate portrayal of the record. *See Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) (ALJ's decision unsupported by substantial evidence where his "paraphrasing of record material is not entirely accurate regarding the content or tone of the record").

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 6

Dr. Kouzes' opinions.

The ALJ also found Dr. Kouzes' opinions inconsistent with Plaintiff's activities, specifically "being essentially a single parent to two young children…." Tr. 26. The Commissioner does not defend this reason, apparently conceding it is erroneous. As the ALJ acknowledged, Plaintiff had daily, extensive help from her mother. Tr. 23, 44. The ALJ failed to explain how any parenting activities Plaintiff engaged in conflicted with Dr. Kouzes' opinions. Conflict with activities was not a specific and legitimate reason to discount Dr. Kouzes' opinions.

The Court concludes the ALJ erred by discounting Dr. Kouzes' opinions.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reevaluate Dr. Kouzes' opinions, reassess the RFC as appropriate, and proceed to step five as necessary.

DATED this 19th day of August, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE